United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN TIMOTHY PEREZ, | ) | No. C 09-4939 JSW (PR) |
| Plaintiff, | ) ) | **ORDER GRANTING LEAVE TO FILE AND SCHEDULING SUCCESSIVE SUMMARY JUDGMENT MOTION; DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| vs. | ) ) | |
| DR. NGUYEN, DR. BOWMAN, P. LADUKE, S.S.A. JONES, and B. FRINTZ, | ) ) ) | |
| Defendants. | ) ) | |
| | ) | (Docket Nos. 62, 63, 64) |

This is a civil rights case filed by a pro se prisoner pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment which was denied as to Defendant Dr. Nguyen and granted as to all other Defendants. Thereafter, the case did not settle in mediation proceedings before Magistrate Judge Nandor J. Vadas.

Dr. Nguyen has filed motion for leave to file a successive motion for summary judgment, which Plaintiff opposes. Good cause appearing, Dr. Nguyen's motion (docket number 64) is GRANTED. Dr. Nguyen **shall file** a successive motion for summary judgment within **21 days** of the date this order is filed. As Dr. Nguyen has had ample time in which to prepare the motion for summary judgment – discovery was opened and Dr. Nguyen was served over eighteen months ago – no extensions of time will be considered under any circumstances. If Dr. Nguyen fails to file his successive motion for summary judgment by the deadline, this case will be

set for trial and Plaintiff will be referred for appointment of pro bono counsel. Plaintiff's opposition to such a motion, if any, shall be filed and served upon Defendant within **30 days** of the date the motion is filed. Defendant **shall file** a reply brief within **14 days** of the date any opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

Plaintiff is reminded to read the following notice about Defendant's motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

Plaintiff's second motion for "appointment" of counsel, as amended, is again DENIED (docket numbers 62, 63). There is no constitutional right to counsel in a civil case. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998) (en banc). A court "may request an attorney to

represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), but this lies within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Plaintiff's motion is denied for want of exceptional circumstances at this time; the Court may reconsider its decision *sua sponte* should the circumstances of the case materially change, such as the scheduling of trial.

    IT IS SO ORDERED.

DATED: March 22, 2012

JEFFREY S. WHITE  
United States District Judge

G:\JSWALL\Pro-Se Prisoner\2009\Perez4939.EOT.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOHN T. PEREZ,

    Plaintiff,

v.

D. NGUYEN et al,

    Defendant.

Case Number: CV09-04939 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 22, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Timothy Perez
E56699
P.O. Box 7000
Crescent City, CA 95531

Dated: March 22, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk