1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   JOHN TIMOTHY PEREZ,                )        No. C 09-4939 JSW (PR)
                                        )
11             Plaintiff,               )        **ORDER PROVIDING**
                                        )        **PLAINTIFF NOTICE AND**
12        vs.                           )        **WARNING; SCHEDULING**
                                        )        **SUPPLEMENTAL**
13   DR. NGUYEN, DR. BOWMAN, P.         )        **BRIEFING**
     LADUKE, S.S.A. JONES, and B.       )
14   FRINTZ,                            )
                                        )
15             Defendants.              )
                                        )
16   _____)

17        Plaintiff, a California prisoner, filed this pro se civil rights action under 42

18   U.S.C. § 1983.  Defendants have filed a second motion for summary judgment, which

19   Plaintiff has opposed.  Pursuant to *Woods v. Carey*, No. 09-15548, slip op. 7871, 7884-

20   85 (9th Cir. July 6, 2012), the following notices and warnings are provided to Plaintiff

21   again.

22        Plaintiff must read the following "NOTICE -- WARNING (SUMMARY

23   JUDGMENT)," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952,

24   953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12

25   (9th Cir. 1988).  To the extent defendants argue that Plaintiff failed to exhaust his

26   administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should also read

27   the "NOTICE -- WARNING (EXHAUSTION)" which is provided to him pursuant to

28   *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003):

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1   **NOTICE -- WARNING (SUMMARY JUDGMENT)**

2   If defendants move for summary judgment, they are seeking to have your case

3   dismissed. A motion for summary judgment under  Rule 56 of the Federal Rules of

4   Civil Procedure will, if granted, end your case.

5   Rule 56 tells you what you must do in order to oppose a motion for summary

6   judgment. Generally, summary judgment must be granted when there is no genuine

7   issue of material fact--that is, if there is no real dispute about any fact that would affect

8   the result of your case, the party who asked for summary judgment is entitled to

9   judgment as a matter of law, which will end your case. When a party you are suing

10  makes a motion for summary judgment that is properly supported by declarations (or

11  other sworn testimony), you cannot simply rely on what your complaint says. Instead,

12  you must set out specific facts in declarations, depositions, answers to interrogatories, or

13  authenticated documents, as provided in Rule 56(e), that contradict the facts shown in

14  the defendant's declarations and documents and show that there is a genuine issue of

15  material fact for trial. If you do not submit your own evidence in opposition, summary

16  judgment, if appropriate, may be entered against you. If summary judgment is granted,

17  your case will be dismissed and there will be no trial.

18  **NOTICE -- WARNING (EXHAUSTION)**

19  If defendants file an unenumerated motion to dismiss for failure to exhaust, they

20  are seeking to have your case dismissed.  If the motion is granted it will end your case.

21  You have the right to present any evidence you may have which tends to show

22  that you did exhaust your administrative remedies.  Such evidence may be in the form

23  of declarations (statements signed under penalty of perjury) or authenticated documents,

24  that is, documents accompanied by a declaration showing where they came from and

25  why they are authentic, or other sworn papers, such as answers to interrogatories or

26  depositions.

27  If defendants file a motion to dismiss and it is granted, your case will be

28  dismissed and there will be no trial.

1    Plaintiff may file a supplemental opposition to Defendants' motion for summary

2  judgment on or before **August 1, 2012.** Defendants **shall** file a supplemental reply brief

3  within **7 days** of the date any supplemental opposition is filed. If Plaintiff does not

4  supplement his opposition, Defendants' motion will be decided on the papers that have

5  already been filed.

6    IT IS SO ORDERED.

7  DATED: July 11, 2012

8  _____

9  JEFFREY S. WHITE
   United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOHN T. PEREZ,

          Plaintiff,

  v.

D. NGUYEN et al,

          Defendant.
_____/

Case Number: CV09-04939 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 11, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Timothy Perez
E56699
P.O. Box 7000
Crescent City, CA 95531

Dated: July 11, 2012

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

United States District Court
For the Northern District of California